IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:09cv041

| | |
|---|---|
| TRACY R. DEVECKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte* on the question of whether the summary judgment brief of the Plaintiff is properly before the Court.

The signature page for the brief indicates that it has been presented to this Court by attorneys Russell Bowling and Charles Martin, even though it bears only the electronic signature of Mr. Bowling. [Doc.9]. The brief contains the notation "On the brief, Charles L. Martin, Attorney for Plaintiff," which is followed by Mr. Martin's firm and contact information. Mr. Martin, however, is neither counsel of record for the Plaintiff in this case, nor

1

licensed to practice law in this district. Mr. Martin has neither sought nor obtained permission to appear *pro hac vice* in this Court. Under these circumstances this Court must determine whether Mr. Martin has been undertaking the unauthorized practice of law or has made an improper appearance in this matter. If so, the brief presented on behalf of the Plaintiff is not properly before this Court.

The Court is aware of recent participation by Mr. Martin in cases in this district. The Court is also aware that Mr. Martin takes the position that he is merely providing "brief writing services" to Mr. Bowling and other similarly situated attorneys, rather than representing Social Security plaintiffs such as the Plaintiff herein. See, e.g., Jones v. Astrue, 4:09-205-TLW (D.S.C. 2010); McChesney v. Astrue, 2009 WL 4267076 (D.S.C. 2009); Alverson v. Astrue, 2:08-3092-CMC-RSC (D.S.C. 2009); Mortenson v. Barnhart, 8:07-547-JFA (D.S.C. 2009).

The position taken by Mr. Martin, however, is not well supported by documents filed with this Court. These documents reflect a much more complex relationship between Mr. Bowling, Mr. Martin and their respective clients. In a number of cases Mr. Martin and Mr. Bowling have filed their time records with this Court in the context of seeking attorneys fees when

they prevailed. Those time records reflect that on some occasions Mr. Martin was involved in the decision of whether the appeal to District Court should be filed, even reflecting an entry for analyzing a given case before the first work performed by Mr. Bowling as shown thereon. [See, e.g., 2:08cv017, Docs. 21-5 and 21-4, filed 04/26/10; 2:09cv056, Docs. 10-4 and 10-3, filed 05/21/10; 2:04cv255, Docs. 21-5 and 21-4, filed 09/28/05]. Mr. Martin also routinely prepared the petitions under EAJA when they were filed. [See, e.g., 1:09cv320, Doc. 14-2; 2:08cv17, Doc. 21-5; 2:08cv34, Doc. 19-4; 2:09cv27, Doc. 15-4; 2:09cv56, Doc. 10-4]. Mr. Bowling's time consistently represents a fraction of that devoted to a case by Mr. Martin or other attorneys in Mr. Martin's law firm, [Id.; 1:09cv320, Doc. 14-1 and 14-3; 2:08cv17, Doc. 21-4; 2:08cv34, Doc. 19-3; 2:09cv27, Doc. 15-3 and 15-5], and Mr. Bowling's time entries almost invariably reflect that they are for "receipt and review" of documents prepared by others - usually by Mr. Martin or others attorneys in his firm. [See, e.g., 1:09cv320, Doc. 14-1; 2:04cv255, Doc.21-4]. In cases such as Dyer v. Astrue, 2:09cv056, the SSA stipulated to a remand, so no brief needed to be filed on behalf of the plaintiff, but Mr. Martin nonetheless filed a petition for his fees, reflecting that he had expended an amount of time equal to that of Mr. Bowling. In

3

another case, Sacco v. Astrue, 1:09cv320, Mr. Martin apparently asserts that he was only providing briefing services to Mr. Bowling, but the plaintiff's brief was written by attorney Audrey B. Faust, of Washington, DC, who has no connection with Mr. Martin's firm that appears of record. [1:09cv320, Doc.14-3].

Mr. Martin has also filed affidavits with this Court in Social Security cases identifying himself as "Counsel for the Plaintiff" and "Attorney for Plaintiff." As noted above, on the brief filed in the present case, Mr. Martin has identified himself as "Attorney for Plaintiff." Perrie Naides, an associate in Mr. Martin's firm, in an affidavit filed with this Court identifies Mr. Martin as "*lead counsel* for the plaintiff/appellant." [2:08cv017, Doc. 15-5] (emphasis added).

The Court also notes that Mr. Martin has been less than forthright with the Court in some of his filings. In EAJA petitions Mr. Martin has represented Mr. Bowling's time spent in the case to be well in excess of that supported by Mr. Bowling's affidavit and time records, in at least one case incorrectly representing to the Court that Mr. Bowling's time spent on the case exceeded that spent by Mr. Martin, when that was not true. [2:09cv027, Doc. 15-4].

4

All of these facts are inconsistent with the assertion that Mr. Martin was providing only "brief writing services" for Mr. Bowling. On the contrary, this reflects active representation of the plaintiffs in these cases before this Court. As such, the Court must find as fact and conclude as a matter of law that Mr. Martin and the lawyers in his firm have undertaken the practice of law in this case before this Court. See, N.C. Gen. Stat. §84-2.1.

It is the obligation of this Court to participate in the regulation of the practice of law in this District. In Re G.L.S., 745 F.2d 856 (4th Cir. 1984); Fed. R. Civ. P. 83, LcvR 83.1. Acting on that obligation protects the citizens of this District from "quality control problems" enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline. Hon. G. Ross Anderson, Jr., "Renting Your Law License Can Be Dangerous: Avoiding the Rubber-Stamp Mentality Surrounding *Pro Hac Vice* Admissions", South Carolina Lawyer, March 2010, p. 33; Sanders v. Russell, 401 F.2d 241, 245 (5th Cir. 1968).

Moreover, this Court must find that Mr. Bowling provides "a legal conduit through which [Mr. Martin] is attempting to practice in this court without seeking admission to the Bar or *pro hac vice*." Sandoval v. Apfel,

86 F.Supp.2d 601, 607 (N.D.Tex.2000), which is inappropriate.

For these reasons the Court must conclude that the summary judgment brief filed on behalf of the Plaintiff is not properly before this Court. In the interests of justice, however, the Court will not strike the brief at this time. The Court will allow Mr. Martin to apply for admission in this matter *pro hac vice*, with that admission to be *nunc pro tunc* to the filing of the case. If any other attorneys who are not licensed to practice before this Court have likewise actively participated in the representation of the Plaintiff in this matter, such other attorneys must also apply for admission *pro hac vice* within the same time period as allowed for Mr. Martin. The Court will strongly emphasize, however, that *pro hac vice* admission is not a substitute for being licensed to practice in this Court. The Court is willing to allow *pro hac vice* admission to an attorney otherwise unlicensed in this District only a limited number of times. Thereafter, obtaining a permanent license for practice in this Court will be necessary for such attorney to appear any further. Otherwise this Court would serve to by-pass the very important function played by the Board of Law Examiners and the State Bar of North Carolina.

**IT IS THEREFORE ORDERED** that attorney Charles L. Martin shall,

within thirty (30) days of the entry of this Order, seek admission to practice in this Court *pro hac vice* in this matter. If such application is not filed within such time period the Court may strike the summary judgment brief of the Plaintiff without further notice.

**IT IS SO ORDERED**.

Signed: July 6, 2010

Martin Reidinger
United States District Judge